## A. E. Burr, Plff. in Err., *v.* John Cattnach.

A landlord's entry upon demised premises, by forcing the door during the tenant's absence, removing the tenant's signs, locks and goods, and using the room thereafter for storage, amounts to an eviction and is a good defense to an action for rent for the balance of the term.

(Decided October 4, 1886.)

Error to the Common Pleas of Lackawanna County to review a judgment for the plaintiff in an action of debt. Reversed.

This was an action of debt by John Cattnach, against A. E. Burr, to recover rent reserved in a lease.

NOTE.—The eviction of a tenant by a landlord suspends the rent for the period running at the time of the dispossession. Kessler v. M'Conachy, 1 Rawle, 435; Garrett v. Cummins, 2 Phila. 207; McClurg v. Price, 59 Pa. 420, 98 Am. Dec. 356. But the lessee must be evicted (Pier v. Carr, 69 Pa. 326; Cone's Estate, 9 Pa. Co. Ct. 257, 27 W. N. C. 494, 47 Phila. Leg. Int. 505); and by the lessor or his agent (Oakford v. Nixon, 177 Pa. 76, 34 L. R. A. 575, 35 Atl. 588). Whether such has been done is ordinarily for the jury. Ewing v. Cottman, 9 Pa. Super. Ct. 444, 43 W. N. C. 525; Walters v. Transue, 6 Northampton Co. Rep. 406; Bennet v. Bittle, 4 Rawle, 339.

By consent of the parties the case was referred to S. B. Price, Esq., in accordance with the act of April 6, 1869 (P. L. 725), authorizing the reference of civil actions, and its supplements, the acts of March 23, 1870 (P. L. 540), and June 22, 1871 (P. L. 1363).

The facts as found by the referee are fully stated in the opinion.

The referee reported that the plaintiff had no cause of action, and directed the prothonotary to enter judgment for the defendant.

The court below reversed the judgment and entered judgment for the plaintiff, whereupon the defendant took this writ.

*Frederick W. Gunster* and *Charles H. Welles,* for plaintiff in error.—The referee's findings of fact must be considered as a special verdict. Butterfield v. Lathrop, 71 Pa. 225; Thornton v. Enterprise Ins. Co. 71 Pa. 234.

An eviction is "any act of the landlord which deprives the tenant of that beneficial enjoyment of the premises to which he is entitled under the lease." Hoeveler v. Fleming, 91 Pa. 322.

If, therefore, the tenant be deprived of the thing let, the obligation to pay rent ceases; because such obligation had its force only from the consideration which was the enjoyment of the thing demised. Gilbert, Rents, 145.

If a landlord takes possession of the premises without the consent of the tenant, it is an eviction; if with his consent, it is a rescission of the lease; and in either case the rent is suspended. Magaw v. Lambert, 3 Pa. St. 444; Briggs v. Thompson, 9 Pa. 338.

When the landlord enters without the consent of the tenant, and such entry is followed by a continuous possession inconsistent with the possessory title assured to the tenant under the lease, that possession amounts to an eviction. Day v. Watson, 8 Mich. 535.

The mere locking of a door of a pew, thereby preventing one who had the right to use it, has been held to be equivalent to an eviction. Taylor, Land. & T. 6th ed. § 378; Lloyd v. Tomkies, 1 T. R. 671.

And railing off a part of the demised premises is an eviction. Smith v. Raleigh, 3 Campb. 513.

A landlord's refusal to allow an under tenant to enter the

premises under threats of suit, whereby the lessee is deprived of under letting, is such an interruption of the latter's rights as amounts to an eviction. Doran v. Chase, 2 W. N. C. 609.

*Ranck & Smith,* for defendant in error.—Where a party abandons the house with his goods, and locks it up, and it is not known where he has gone, it is a clear case of vacant possession. Taylor, Land. & T. 609; Jackson & G. Land. & T. 218; M'Kinney v. Reader, 7 Watts, 123.

Request by the landlord for the keys, followed by an acceptance of them, will constitute a surrender of the term. Reaney v. Fannessy, 14 W. N. C. 91.

Taking possession, repairing, advertising the house to rent, are all acts in the interest and for the benefit of the tenant, and do not discharge him from his covenant to pay rent. Breuckmann v. Twibill, 89 Pa. 58; Marseilles v. Kerr, 6 Whart. 500.

A removal of the tenant from the premises, and an unaccepted offer to deliver up the keys, are not evidence of the existence of an agreement for the termination of the lease. Kiester v. Miller, 25 Pa. 481.

In an action upon a lease to recover rent, an affidavit of defense is insufficient which simply avers that, before the time the rent sued for accrued, defendant gave up and left the premises, and plaintiff entered upon and used the same. Philadelphia Fire Extinguisher Co. v. Brainerd, 2 W. N. C. 473.

A landlord may receive the key of premises without interfering with the occupancy by the tenant. He is not bound to let the premises suffer, but may take possession for the purpose of caring for them. Bradley v. Brown, 6 W. N. C. 282.

A surrender of demised premises by the tenant during a term, in order to be effectual so as to release the lessee from liability to pay rent, must be accepted by the lessor; and the burden of proof is upon the lessee to prove such acceptance. Auer v. Penn, 99 Pa. 370, 44 Am. Rep. 114.

Any entry by the landlord on the premises demised, against the will or wishes of the tenant, is not an eviction in point of law which will suspend the rent. Bennet v. Bittle, 4 Rawle, 339; Noble v. Warren, 38 Pa. 340.

An eviction such as will suspend rent is an actual expulsion of the lessee out of all or some part of the demised premises. The rent already accrued and overdue is not forfeited by the

eviction; but in an action for such rent the tenant may defalk the damages caused by it. Tiley v. Moyers, 43 Pa. 404.

OPINION BY MR. JUSTICE STERRETT:

After considering the exceptions filed by plaintiff below to the report of the referee, the learned judge of the common pleas in the concluding paragraph of his opinion says: "It follows that the plaintiff's second conclusion of law should have been affirmed, and defendant's fourth conclusion of law denied, and that, upon the facts found by the referee, the plaintiff is entitled to recover. The corresponding exceptions of plaintiff are accordingly sustained, and the judgment of the referee reversed." And thereupon he directed judgment to be entered in favor of plaintiff below for $221.76.

The plaintiff's second conclusion of law, referred to above, was "that the temporary occupancy, testified to by plaintiff's witnesses, is not such an occupancy as would create an eviction, or a surrender of the term, unless there was an acceptance by the plaintiff."

Defendant's fourth conclusion was "that the plaintiff cannot recover."

The learned referee refused the former and affirmed the latter, and he accordingly directed judgment in favor of defendant below; but, upon the same facts found by the referee, the learned judge reversed these legal conclusions, and judgment was accordingly entered in favor of plaintiff below, as above stated. These rulings are the subjects of complaint in the several assignments of error respectively.

It will be observed that the referee's findings of fact are accepted as substantially correct. It is only as to the legal conclusions drawn therefrom that the court overruled the referee on the controlling questions in the case.

Among other things, the referee found, in substance, that in November, 1879, plaintiff in error leased from plaintiff below two second-story front rooms on Broadway, New York, for five months, from 1st of December following, at $55 per month, took possession of the same accordingly and paid the rent until February 1, following; that in the early part of February plaintiff below took possession of the rooms, removed locks, signs, and goods left there by plaintiff in error, and thence until the expiration of the lease used the rooms for storing trunks; that, at the

time he thus re-entered the premises, plaintiff in error was in possession of the same as tenant under said lease, although not personally present, and had goods and chattels at the same; that defendant in error broke, removed, or opened the plaintiff in error's lock on the door of the demised premises, took down his signs, re-entered and took possession of the premises, and used the same for his own purposes in his own business; that at the time he so re-entered, the demised premises were not vacant, nor had the lease expired, and from the time he so re-entered in the early part of February, 1880, until May 1 of that year, he continued in possession; and during that time plaintiff in error was not in possession of any part of the demised premises.

Having found the foregoing and other corroborating facts, the referee rightly concluded, as matter of law, that, plaintiff below having re-entered and taken possession of the demised premises, and used the same for his purposes without the consent of plaintiff in error, the latter was evicted, and, therefore, relieved from further payment. The facts found by the referee clearly warranted each of the four conclusions of law claimed by defendant below, the last of which was "that the plaintiff cannot recover."

The first conclusion of law submitted by plaintiff below was "that the lease in evidence was for an entire term of five months, and defendant is liable for the rent unless there was an eviction or surrender of the term and an acceptance by plaintiff."

The second as before stated was "that the temporary occupancy, testified to by plaintiff's witnesses, is not such an occupancy as would create an eviction or a surrender of the term, unless there was an acceptance by plaintiff." This was rightly refused for the reason that it was not warranted by the testimony, nor by the referee's findings of fact.

As to all the controlling points in the case, the findings of the referee, as well as his conclusions of law, are substantially correct, and, in accordance with his report, judgment should have been entered in favor of defendant below.

Judgment reversed, and now judgment in favor of defendant and against plaintiff below.